# STATE OF MICHIGAN

# COURT OF APPEALS

CHANCE LOWERY,

        Plaintiff-Appellant,

v

ENBRIDGE ENERGY LIMITED
PARTNERSHIP and ENBRIDGE ENERGY
PARTNERS, L.P.,

        Defendants-Appellees.

UNPUBLISHED
April 2, 2015

No. 319199
Calhoun Circuit Court
LC No. 2011-003414-NO

Before: JANSEN, P.J., and METER and BECKERING, JJ.

JANSEN, P.J. (*dissenting*).

I respectfully dissent. Plaintiff alleges that he experienced severe headaches and continuous vomiting after smelling toxic fumes caused by an oil spill in the Kalamazoo River. He claims that the vomiting caused his short gastric artery to rupture and led to associated internal bleeding. Following surgery to repair the ruptured artery, plaintiff filed this negligence action against defendants asserting that they were responsible for the oil spill and, therefore, his injuries.

I cannot agree with the majority's conclusion that expert testimony was not required to prove causation in this case. Plaintiff's theory of causation was attenuated. It required both (1) proof that the fumes from the oil spill caused plaintiff's vomiting, and (2) proof that plaintiff's vomiting caused his resulting vascular injury. In my opinion, whether the fumes released by the oil spill caused plaintiff's vomiting, and whether plaintiff's vomiting in turn caused his abdominal artery to rupture, are not matters within the common understanding of average jurors. See *Bryant v Oakpointe Villa Nursing Centre*, 471 Mich 411, 429; 684 NW2d 864 (2004). Because an untrained layperson would not be qualified to intelligently resolve these particular issues without enlightenment from someone with specialized knowledge of the subject, expert testimony was necessary. *People v Kowalski*, 492 Mich 106, 123; 821 NW2d 14 (2012); see also *Bryant*, 471 Mich at 430.

Plaintiff's proffered expert, Jerry Nosanchuk, D.O., was a family-medicine doctor without experience or training in toxicology or vascular surgery. Nosanchuk testified at his deposition that his practice was limited to the treatment of routine medical conditions, that he had no expertise regarding the medical effects of exposure to toxic chemicals and volatile

organic compounds, and that he had never treated a patient with a ruptured abdominal artery resulting in internal bleeding. I simply cannot conclude that Nosanchuk was qualified to opine on the causation of plaintiff's injury or that his testimony would have assisted the trier of fact in any way. See MRE 702.

In essence, the jury would have been required to speculate on the issue of causation. A plaintiff must present *substantial evidence* from which the jury may conclude that, more likely than not, his injury would not have occurred but for the defendant's conduct; a mere possibility of causation is not enough. *Badalamenti v William Beaumont Hospital-Troy*, 237 Mich App 278, 285-286; 602 NW2d 854 (1999). Without sufficient expert testimony on the issue of causation, plaintiff could not establish a genuine issue of material fact concerning whether the Kalamazoo River oil spill proximately caused his ruptured artery and internal bleeding. Because the circuit court properly granted summary disposition in favor of defendants, I would affirm.

/s/ Kathleen Jansen